JAMES D. SHEARER v. O. GUNDERSON.[1]

April 25, 1895.

No. 9543.

**Replevin against Lien Holder—Proof of Lien.**

In an action of replevin where, as against the general owner, the other party claims the right of possession by virtue of a lien, it is incumbent on. him to prove its amount.

Appeal by plaintiff from a judgment of the district court for Hennepin county, entered in pursuance of the findings and order of Jamison, J. Reversed.

*H. V. Mercer,* for appellant.

*McMillan & Angell,* for respondent.

MITCHELL, J. This action was commenced in justice's court to recover possession of two buggies. The plaintiff was confessedly the general owner of the property. The defendant claimed to be entitled to the possession by virtue of a lien, under G. S. 1894, § 6247, for labor performed on the property as subcontractor under one Clark. The justice rendered judgment in favor of the plaintiff for the possession of the property, and from this judgment defendant appealed to the district court, upon questions of law alone. The

[1] Reported in 63 N. W. 103.

only question presented by that appeal was whether the evidence (which consisted of a stipulated state of facts) sustained the judgment of the justice. The district court reversed the judgment of the justice, and ordered judgment for the defendant, awarding him possession of the property, with power and authority to retain such possession until the just and reasonable value of his labor and services performed thereon should be paid. From this judgment plaintiff appeals to this court.

We do not find it necessary to consider whether, upon the facts, defendant would be entitled, under the statute cited, to a lien for "his just and reasonable charges" for the labor he had performed on the property, for the reason that there was no evidence as to their amount. Conceding that upon the facts the defendant, as subcontractor, might have a lien under the statute, it would only be for the reasonable value of his labor. As against plaintiff, the contract price between defendant and Clark was no evidence of such value. If defendant had the right of possession, it could only extend to the amount of his lien. There being no proof as to the amount of the lien, if any (which would be the extent of his special property), there was no evidence to justify a judgment in his favor. It was incumbent on defendant to prove the amount of his lien. The plaintiff had a right to have this determined, so that he might discharge it, and retain possession of his property. The decisions cited to the effect that a party may waive his right to an alternative judgment for the value of property, and take judgment merely for its possession, are not in point. A party may waive his own right, but not the rights of his opponent.

Our conclusion is that the district court erred in reversing the judgment of the justice. As the case was appealed to the district court on questions of law alone, the only disposition that can be made of it is to reverse the judgment of the district court, and remand the case to that court, with directions to enter judgment affirming the judgment of the justice.

So ordered.